IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACOB MILLER | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-1456 |
| | : | |
| | : | |
| SUNOCO, INC., et al. | : | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                                                      **March 4 , 2008**

  Plaintiff Jacob Miller ("Plaintiff") brings this action on behalf of himself and a putative class against Defendant Black Sea Oil Corporation d/b/a East Gate Sunoco, and its alleged principal, Defendant Sunoco, Inc. (together, "Defendants"), alleging violations of the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), a part of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq. Now before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint. For the reasons that follow, the Motion will be granted in part and denied in part.

**I. BACKGROUND**

  As alleged in the Amended Complaint, the facts are as follows. On or about February 8, 2007, Plaintiff purchased gasoline at the East Gate Sunoco gas station in Mt. Laurel, New Jersey. Am. Compl. ¶¶ 6, 14. Plaintiff used his Visa card to pay for the purchase. At the conclusion of the sale, Plaintiff received a receipt which included the last four digits of his credit card as well as its expiration date. Id.

  FACTA requires retailers to suppress or truncate credit card information on electronically printed receipts provided to cardholders as part of a sales transaction. It provides that "no person

that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of a card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g)(1).  Plaintiff alleges that Defendants deliberately and willfully continue to issue electronically printed receipts containing both five digits of the card holder's account number and the expiration date, in direct violation of FACTA's truncation requirement.  Am. Compl. ¶¶ 10-11.  He seeks redress in the form of injunctive relief and monetary damages on behalf of himself and a class of individuals to whom, on or after December 4, 2006, Defendants provided electronically printed receipts containing "more than the last five digits of the person's credit card or debit card number and/or ... the expiration date of the person's credit or debit card." Id. ¶ 17.

Defendants seek dismissal of Plaintiff's claims on the basis of lack of subject matter jurisdiction and for failure to state a claim.  In the alternative, Defendants seek dismissal of Plaintiff's claim for injunctive relief.

## II.     LEGAL STANDARD

"A motion to dismiss for want of standing is also properly brought pursuant to [Federal Rule of Civil Procedure] 12(b)(1), because standing is a jurisdictional matter." Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007).  In reviewing a motion to dismiss for lack of standing, the Court must accept as true all material allegations set forth in the complaint and construe those facts in favor of the nonmoving party.  See Warth v. Seldin, 422 U.S. 490, 501 (1975).  "On a motion to dismiss for lack of standing, the plaintiff bears the burden of establishing the elements of standing, and each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and

degree of evidence required at the successive stages of the litigation.  Ballentine, 486 F.3d at 810.

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court is required "to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party."  Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989).  In deciding a 12(b)(6) motion, "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record."  Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).  "To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'"  Victaulic Co. v. Tieman, 2007 U.S. App. LEXIS 20077, at *15 (3d Cir. Aug. 23, 2007) (citations omitted in original) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)).

### III.    DISCUSSION

Defendants contend that the Court lacks subject matter jurisdiction because Plaintiff lacks standing to assert his claims, having suffered no identity theft, and therefore no "injury in fact."  See Motion to Dismiss, at 5-8.  "It is axiomatic that a litigant first must clearly demonstrate that he has suffered an 'injury in fact' in order to assert Article III standing to sue."  Wyoming v. Oklahoma, 502 U.S. 437, 465 (1992) (internal quotations omitted).  A plaintiff need not demonstrate that he suffered actual monetary damages, however, if a statute conferring a private right of action has been violated.  See Havens Realty Corp. v. Coleman, 455 U.S. 363, 373 (1982) ("[T]he actual or threatened injury required by Art. III may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." (citations omitted)).

FACTA provides consumers a private right of action for willful non-compliance with the requirements of the Act.  See Ehrheart v. Lifetime Brands, Inc., 498 F. Supp. 2d 753, 755 (E.D. Pa. 2007) ("FACTA does not require that a plaintiff have suffered actual monetary damages in order to sue for violation of the Act."); Korman v. Walking Co., 503 F. Supp. 2d 755, 759 (E.D. Pa. 2007) ("Being handed a receipt that omits certain of one's credit card information is a legally protected interest created by FACTA."); Ramirez v. MGM Mirage, Inc., 524 F. Supp. 2d 1226, 1231 (D. Nev. 2007) ("Every district court to consider the issue has found a plaintiff has standing to pursue a FACTA claim for statutory damages even without showing actual damages."). Because FACTA has created an unambiguous legal right to electronically printed receipts that truncate the consumer's credit card number information, the Court finds that Plaintiff has stated facts sufficient to confer standing.

Defendants further argue that the claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because the Amended Complaint fails to allege that Defendants willfully failed to comply with the requirements of FACTA.  "In order to be willful for purposes of 15 U.S.C. § 1681n(a), the Defendant's violation of FACTA must have been either knowing or reckless." Ehrheart, 498 F. Supp. 2d at 756 (citing Safeco Ins. Co. of Am. v. Burr, 127 S. Ct. 2201, 2208-10 (2007)).  In his Amended Complaint, Plaintiff alleges that "notwithstanding the fact that they had over three years to comply, Defendants continue to issue receipts at the point of sale transactions which contain both 5 digits from the credit card or account number as well as the expiration date, in direct violation of the Receipt Provision." Am. Compl. ¶ 10.  Plaintiff further alleges that "Defendants continue to deliberately, willfully, intentionally, recklessly and negligently violate FACTA by issuing receipts which do not comply with the FCRA," although many credit card

4

companies, including Visa and MasterCard, advised companies of the need for compliance with the truncation requirement. Id. ¶¶ 11, 31. Plaintiff has thus pled sufficient facts to preclude dismissal at this stage of the proceedings. See Ehrheart, 498 F. Supp. 2d 756; Pirian v. In-N-Out Burgers, 2007 WL 1040864, at *6 (C.D. Cal. Apr. 5, 2007); Iosello v. Leiblys, Inc., 502 F. Supp. 2d 782, 785 (N.D. Ill. 2007).[1]

Finally, Defendants seek dismissal of Plaintiff's claims for injunctive relief, arguing that the right to seek injunctive relief under the FCRA is reserved to the FTC. The Court agrees. Congress vested the power to obtain injunctive relief exclusively with the FTC. Washington v. CSC Credit Servs. Inc., 199 F.3d 263, 268 (5th Cir. 2000); Gelman v. State Farm Mut. Auto. Ins. Co., 2007 WL 2306578, at *9 (E.D. Pa. Aug. 9, 2007) ("The affirmative grant of power to the FTC to pursue injunctive relief, coupled with the absence of a similar grant to private litigants when they are expressly granted the right to obtain damages and other relief, persuasively demonstrates that Congress vested the power to obtain injunctive relief solely with the FTC."); In re Trans Union Corp. Privacy Litig., 211 F.R.D. 328, 339 (N.D. Ill. 2002).[2] Accordingly, Plaintiff's claims for injunctive relief will be dismissed.

---

[1] Defendants further allege that Defendant Sunoco should be dismissed because the Amended Complaint does not allege that it was the entity that accepted Plaintiff's credit card. See Motion to Dismiss, at 11. The Amended Complaint alleges that "Defendant East Gate was acting as an agent, servant and/or employee of Defendant Sunoco." Am. Compl. ¶ 15. Because the Court is required, at this stage in the proceedings, to accept as true all of the allegations in Plaintiff's Amended Complaint, dismissal of Defendant Sunoco would be premature.

[2] Plaintiff acknowledges that the vast majority of district courts that have addressed the issue of injunctive relief have followed the Fifth Circuit's decision in Washington v. CSC Credit Services Inc., 199 F.3d 263, 268 (5th Cir. 2000).

## IV.     CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss will be granted with respect to the claims for injunctive relief, and denied as to the remaining claims. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JACOB MILLER** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 07-1456 |
| | : | |
| **SUNOCO, INC., et al.** | : | |

### ORDER

**AND NOW**, this 4th day of March, 2008, upon consideration of Defendants' Motion to Dismiss Plaintiff's Amended Complaint (docket nos. 12, 13), and all responses thereto, and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motion is **GRANTED** in part and **DENIED** in part. It is **FURTHER ORDERED** that Plaintiff's claims for injunctive relief are **DISMISSED**.

BY THE COURT:


 /s/ Bruce W. Kauffman
**BRUCE W. KAUFFMAN, J.**